IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | | |
|---|---|---|
| MARQUETTE D. BENSON a/k/a MARQUETTE MUKES, | ) ) ) | |
| Plaintiff, | ) ) | |
| VS. | ) ) | No. 16-2754-JDT-cgc |
| CHRIS CRAFT, ET AL., | ) ) | |
| Defendants. | ) | |

ORDER MODIFYING RESTRICTIONS IMPOSED IN CASE #03-2123,
DENYING LEAVE TO PROCEED *IN FORMA PAUPERIS*
AND DIRECTING PLAINTIFF TO PAY THE $400 CIVIL FILING FEE

On September 21, 2016, Plaintiff Marquette D. Benson a/k/a Marquette Mukes, booking number 16121315, who is incarcerated at the Shelby County Penal Farm in Memphis, Tennessee, filed a *pro se* complaint pursuant to 42 U.S.C. § 1983 and a motion for leave to proceed *in forma pauperis*. (ECF Nos. 1 & 2.) Plaintiff has previously filed three civil rights lawsuits in this district that were dismissed for failure to state a claim or as frivolous.[1] Therefore, he must demonstrate that his complaint falls within the "imminent danger" exception to 28 U.S.C. § 1915(g). Furthermore, the Court imposed additional restrictions in *Benson v. Shelby Co.* requiring Plaintiff to obtain leave of Court prior to filing any new complaint by submitting a motion for leave to file and an affidavit. No. 03-2123-JPM, ECF No. 2 at 12-14.

---

[1] *See Benson v. Shelby County*, No. 03-2123-JPM (W.D. Tenn. May 30, 2003) (dismissed as frivolous); *Mukes v. Luttrell*, No. 00-2721-JPM (W.D. Tenn. Aug. 31, 2000) (dismissed as frivolous); and *Mukes v. Luttrell*, No. 00-2657-BBD (W.D. Tenn. Aug. 1, 2000) (dismissed as frivolous).

Although Plaintiff did not seek specific permission to file his complaint, the Clerk is DIRECTED to open this case. The Court MODIFIES the restrictions imposed in case number 03-2123-JPM that require any new complaint submitted by Plaintiff to be accompanied by a motion seeking leave to file and an affidavit. Those requirements are ELIMINATED. Any future case submitted by Plaintiff will be opened and assigned a civil docket number. Each case will then be screened to determine whether it comes within the exception to § 1915(g).

Under the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. §§ 1915(a)-(b), a prisoner bringing a civil action must pay the full filing fee required by 28 U.S.C. § 1914(a).[2] The statute merely provides the prisoner the opportunity to make a "downpayment" of a partial filing fee and pay the remainder in installments. *See McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *partially overruled on other grounds by LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013).[3]

However, not all indigent prisoners are entitled to take advantage of the installment payment provisions of § 1915(b). Section 1915(g) provides as follows:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal

---

[2] Twenty-eight U.S.C. § 1914(a) requires a civil filing fee of $350. However, pursuant to § 1914(b), "[t]he clerk shall collect from the parties such additional fees . . . as are prescribed by the Judicial Conference of the United States." The Judicial Conference has prescribed an additional administrative fee of $50 for filing any civil case, except for cases seeking habeas corpus and cases in which the plaintiff is granted leave to proceed *in forma pauperis* under 28 U.S.C. § 1915. Because the Court is denying leave to proceed *in forma pauperis* in this case, Plaintiff is liable for the entire $400 fee.

[3] Plaintiff's motion to proceed *in forma pauperis* is not accompanied by a copy of his inmate trust account statement for the six months immediately preceding the filing of the complaint, as required by the PLRA. Although the Court ordinarily would direct Plaintiff to file the document, it is unnecessary to do so in this case because Plaintiff is not entitled to proceed *in forma pauperis* because he has failed to allege that he is in imminent danger.

> in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

Thus, "[s]uch a litigant cannot use the period payment benefits of § 1915(b). Instead, he must make full payment of the filing fee before his action may proceed." *In re Alea*, 286 F.3d 378, 380 (6th Cir. 2002). The Sixth Circuit has upheld the constitutionality of this provision. *Wilson v. Yaklich*, 148 F.3d 596, 602-06 (6th Cir. 1998).

As stated, Plaintiff has filed three previous civil rights lawsuits while he was incarcerated that were dismissed as frivolous. Therefore, Plaintiff may not proceed *in forma pauperis* in any civil action filed while he is incarcerated unless he demonstrates that he is under imminent danger of serious physical injury. The assessment of whether a prisoner is in imminent danger is made at the time of the filing of the complaint. *See, e.g., Vandiver v. Vasbinder*, 416 F. App'x 560, 561-62 (6th Cir. 2011); *Rittner v. Kinder*, 290 F. App'x 796, 797-98 (6th Cir. 2008); *Malik v. McGinnis*, 293 F.3d 559, 562-63 (2d Cir. 2002); *Abdul-Akbar v. McKelvie*, 239 F.3d 307, 312-16 (3d Cir. 2001) (en banc).

In this case, Plaintiff sues Chris Craft, a Shelby County Criminal Court Judge, and the Shelby County District Attorney General, Amy P. Weirich. (ECF No. 1 at 2.) He states that his offense was committed in March 2014 but that he was not indicted until June 2016. Plaintiff alleges that the prosecution is barred by the statute of limitations and that Judge Craft refuses to acknowledge his motion for speedy trial or dismissal of the charge. He also alleges that his defense attorney has a conflict of interest. (*Id.*) Benson asks for "justice to be restored and a just compensation for I Mr. Benson feel false imprisoned." (*Id.* at 3.)

Plaintiff has "failed to plead facts supporting a finding of imminent danger on the date that he filed his complaint." *Taylor v. First Med. Mgmt.*, 508 F. App'x 488, 492-93 (6th Cir. 2012). Because this complaint does not come within the exception to 28 U.S.C. § 1915(g), the Court cannot consider it on the merits unless Plaintiff first tenders the civil filing fee. Therefore, Plaintiff's application to proceed *in forma pauperis* is DENIED pursuant to 28 U.S.C. § 1915(g).

Plaintiff is ORDERED to remit the entire $400 civil filing fee within twenty-eight (28) days after the date of this order. Failure to do so will result in the dismissal of this action for failure to prosecute, *Alea*, 286 F.3d at 381-82, and assessment of the civil filing fee from Plaintiff's trust account without regard to the PLRA's installment procedures.

IT IS SO ORDERED.

    s/ **James D. Todd**
JAMES D. TODD
UNITED STATES DISTRICT JUDGE