IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | | |
|---|---|---|
| MARQUETTE D. BENSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| VS. | ) | No. 16-2754-JDT-cgc |
| | ) | |
| CHRIS CRAFT, ET AL., | ) | |
| | ) | |
| Defendants. | ) | |

ORDER DISMISSING CASE WITHOUT PREJUDICE
AND ASSESSING $400 CIVIL FILING FEE

On September 21, 2016, Plaintiff Marquette D. Benson, RNI number 173541, who is incarcerated at the Shelby County Division of Correction ("SCDC") in Memphis, Tennessee, filed a *pro se* complaint pursuant to 42 U.S.C. § 1983, accompanied by a motion seeking leave to proceed *in forma pauperis*. (ECF Nos. 1 & 2.) Because Plaintiff is a "three strike" filer and the case does not come within the exception to 28 U.S.C. § 1915(g), the Court issued an order on September 22, 2016, denying leave to proceed *in forma pauperis* and directing Plaintiff to pay the $400 civil filing fee within 28 days. (ECF No. 4.) The order further warned that "[f]ailure to do so will result in the dismissal of this action for failure to prosecute . . . and assessment of the civil filing fee from Plaintiff's trust account without regard to the PLRA's installment procedures." (*Id.* at 4.)

To date, Plaintiff has not paid the civil filing fee, and the time within which to do so has expired. Plaintiff has filed various documents in support of his claims (ECF Nos. 5, 6 & 8) and a letter in which he contends that when he arrived "at 201 from contempt of court from Shelby County Penal Farm I Mr. Benson have a new birthdate & a new booking number for some unodd [sic]

reason. My attorney Trent Hall also refuse's [sic] to answer his cell phone! Is this or is it not iminent [sic] danger?" (ECF No. 7.) However, the mere fact that Plaintiff is incarcerated, even if that incarceration is wrongful or based on mistaken or fraudulent information, is insufficient to show that he is "under imminent danger of serious physical injury," as required by § 1915(g).

Because Plaintiff has failed to comply with the Court's order to pay the filing fee, this case is DISMISSED WITHOUT PREJUDICE pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

Notwithstanding the dismissal of this action, the Court is still required to assess the entire civil filing fee, since the responsibility for paying the filing fee accrues at the time a complaint is filed. *McGore v. Wrigglesworth*, 114 F.3d 601, 607 (6th Cir. 1997), *partially overruled on other grounds by LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013); *cf. In re Alea*, 286 F.3d 378, 381-82 (6th Cir. 2002) (dismissal of civil action filed by prisoner pursuant to 28 U.S.C. § 1915(g) did not obviate the obligation to pay the filing fee).

Pursuant to 28 U.S.C. § 1915(b)(1), it is ORDERED that Plaintiff cooperate fully with prison officials in carrying out this order. It is further ORDERED that the trust fund officer at Plaintiff's prison shall withdraw from Plaintiff's trust fund account the sum of $400 and forward that amount to the Clerk of this Court. If the funds in Plaintiff's account are insufficient to pay the full amount of the civil filing fee, the prison official is instructed to withdraw all of the funds in Plaintiff's account and forward them to the Clerk of Court. On each occasion that funds are subsequently credited to Plaintiff's account, the prison official shall immediately withdraw those funds and forward them to the Clerk of Court, until the civil filing fee is paid in full. The trust fund officer is not required to remit any balance less than $10, unless that amount would constitute the final

installment of the civil filing fee, provided that any balance under $10 is held in custody for purposes of paying the civil filing fee in this action and is promptly remitted to the Clerk when sufficient funds are deposited into Plaintiff's account to bring the balance to $10.

Each time that the trust fund officer makes a payment to the Court as required by this order, he shall print a copy of the prisoner's account statement showing all activity in the account since the last payment under this order and file it with the Clerk along with the payment. All payments and account statements shall be sent to:

> Clerk, United States District Court, Western District of Tennessee
> 167 N. Main, Room 242, Memphis, TN 38103

and shall clearly identify Plaintiff's name and the case number on the first page of this order.

If Plaintiff is transferred to a different prison or released, he is ORDERED to notify the Court immediately of his change of address. If still confined, he shall provide the officials at the new prison with a copy of this order.

The Clerk shall mail a copy of this order to the prison official in charge of prison trust fund accounts at the SCDC. The Clerk is further ORDERED to forward a copy of this order to the Director of the SCDC to ensure that the custodian of Plaintiff's inmate trust account complies with that portion of the PLRA pertaining to the payment of filing fees.

The Clerk is directed to prepare a judgment.

IT IS SO ORDERED.

                                              s/ **James D. Todd**
                                              JAMES D. TODD
                                              UNITED STATES DISTRICT JUDGE